BILL LOCKYER Attorney General ANTHONY S. Da VIGO Deputy Attorney General
THE FOUNDATION FOR TAXPAYER AND CONSUMER RIGHTS has requested this office to grant leave to sue in quo warranto upon the following question:
Did Henry Duque forfeit his office as a member of the California Public Utilities Commission when he purchased 700 shares of stock of a communications company subject to regulation by the commission?
 CONCLUSION
Whether Henry Duque forfeited his office as a member of the California Public Utilities Commission when he purchased 700 shares of stock of a communications company subject to regulation by the commission presents a substantial issue of law that warrants judicial resolution.
 ANALYSIS
On April 3, 1995, Henry Duque ("defendant") was appointed by the Governor to fill an unexpired term on the California Public Utilities Commission ("Commission"). On December 17, 1996, the Governor appointed defendant to a six-year term on the Commission. On September 12, 1997, defendant's full-term appointment was confirmed by the Senate.
On May 12, 1999, defendant purchased 700 shares of stock in Nextel Communications, Inc. ("Nextel"). On January 21, 2000, defendant sold 100 shares of the stock and on March 14, 2000, he sold an additional 350 shares. On June 6, 2000, the stock split two for one. On August 18, 2000, defendant sold his remaining 500 shares for a gross amount of $28,090.65.
The Foundation for Taxpayer and Consumer Rights ("relator") contends that defendant forfeited his office on May 12, 1999, when he obtained a financial interest in Nextel, a corporation subject to regulation by the Commission.
Section 803 of the Code of Civil Procedure authorizes the filing of a quo warranto action "against any person who usurps, intrudes into, or unlawfully holds or exercises any public office. . . ." In deciding whether to grant leave to bring an action in the name of the People of the State of California in a quo warranto proceeding, we consider initially whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action would serve the public interest. (83 Ops.Cal.Atty.Gen. 70 (2000).)
Members of the Commission are appointed pursuant to section 1 of article XII of the Constitution and Public Utilities Code section301[1] The former provides:
 "The Public Utilities Commission consists of 5 members appointed by the Governor and approved by the Senate, a majority of the membership concurring, for staggered 6-year terms. A vacancy is filled for the remainder of the term. The Legislature may remove a member for incompetence, neglect of duty, or corruption, two thirds of the membership of each house concurring."
We entertain little doubt that a member of the Commission holds a public office. (See People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636,639-640; Coulter v. Pool (1921) 187 Cal. 181, 186-187; cf., 76 Ops.Cal.Atty.Gen. 157, 158 (1993); 64 Ops.Cal.Atty.Gen. 137, 137-138 (1981); 24 Ops.Cal.Atty.Gen. 188, 189 (1954).)
With respect to the duties of Commission members, section 701
provides:
 "The commission may supervise and regulate every public utility in the State and may do all things, whether specifically designated in this part or in addition thereto, which are necessary and convenient in the exercise of such power and jurisdiction."
The expansive powers of Commission members have been described in numerous contexts. (See Consumer Lobby Against Monopolies v. Pub. Util. Com. (1979) 25 Cal.3d 891, 905; 80 Ops.Cal.Atty.Gen. 221, 222 (1997).)
Nextel is a public utility subject to the jurisdiction, control, and regulation of the Commission. (Cal. Const., art. XII, § 3; § 216; cf., Commercial Communications, Inc. v. Pub. Util. Com. (1958)50 Cal.2d 512, 518-522.) Indeed, during the period defendant owned stock in Nextel, Commission members, including defendant, approved an agreement between Nextel and another public utility.
The Constitution requires that as a qualification for holding office as a Commission member, the member must not hold a financial interest in any corporation subject to regulation by the Commission. Section 7 of article XII of the Constitution prescribes:
 ". . . A Public Utilities Commissioner may not hold an official relation to nor have a financial interest in a person or corporation subject to regulation by the commission."
In light of this constitutional prohibition, the Legislature has enacted section 303, subdivision (a) of which provides:
 "A public utilities commissioner may not hold an official relation to nor have a financial interest in a person or corporation subject to regulation by the commission. If any commissioner acquires a financial interest in a corporation or person subject to regulation by the commission other than voluntarily, his or her office shall become vacant unless within a reasonable time he or she divests himself or herself of the interest."[2]
It would therefore appear that defendant's office became vacant immediately upon his acquisition of the 700 shares of stock in Nextel on May 12, 1999. The fact that defendant subsequently disposed of the prohibited interest is immaterial and did not operate to restore him to the vacated office.
Finally, defendant seemingly suggests that some inconsistency may exist between the constitutional provision authorizing the Legislature to remove a Commission member "for incompetence, neglect of duty, or corruption" (Cal. Const., art. XII, § 1) and the constitutional prohibition against a member holding "a financial interest in a person or corporation subject to regulation by the commission" (Cal. Const., art. XII, § 7). The latter is a continuing qualification for holding office and operates independently of any action taken by the Legislature.
We find with respect to relator's application for leave to sue that a substantial question of law is presented. For the reasons stated in 80 Ops.Cal.Atty.Gen. 27, 35 (1997) concerning the application of section303, the filing of the proposed action here would serve the public interest:
 ". . . The Commission is entitled `to the absolute, undivided, uncompromised allegiance of' all of its officers and employees without personal financial interests influencing Commission decisions. . . . Section 303 is a broad, objective proscription that is violated when the Commission officer . . . places himself or herself in a financial conflict of interest position. A rational relationship exists between the terms of section 303 and eliminating the temptation of corrupting pecuniary influences." (Fn. omitted.)
Accordingly, leave to sue herein is GRANTED.
[1] All references hereafter to the Public Utilities Code are by section number only.
[2] Whether the legislative exception for acquiring a financial interest "other than voluntarily" is constitutional need not be decided in this opinion. Defendant cannot justifiably claim that his purchase of the shares of stock was "other than voluntary." His suggestion that the constitutional ban may be avoided by having his stockbroker purchase the shares for him may likewise be summarily rejected.